PIERCE, Judge.
Appellant Salvadore Aiuppa appeals to this Court from a judgment and sentence entered and imposed against him by the Pinellas County Circuit Court after his trial and conviction by a jury upon an information charging him with breaking and entering a building other than a dwelling house with intent to commit a misdemeanor.
Gene’s Lobster House, located at the east end of the Madeira Beach Causeway, was broken into around 2 A.M. on the night of October 26-27, 1968. One George Bawkin, employed there as a chef, happened to be coming back “across the [causeway] bridge” about that time and noticed a car “underneath the shelter in front” of the restaurant, so he stopped and went up to the front of the building, where he noticed a panel was missing off the door. The door was open and glass, was on the floor. He went through the building to his chef’s office in the rear, got a gun and came back out toward the front again. On his way to the front he noticed the door open leading to the office of the proprietor, Eugene *616 Mueller, which door had been closed when he first went through to the rear. About that time he also saw a person leaving the building through the front door. Baw-kin called to the person to stop, but instead he got in the car to leave. Bawkin got close enough to the car to touch the right front door with his hand and saw the man in the car, whom he positively identified as appellant Aiuppa. As the car drove away he fired two shots at the side of the car but the driver got away.
Bawkin recognized the driver of the car as Aiuppa, whose wife worked for Mr. Mueller at the restaurant. Bawkin had seen Aiuppa sometime before at the Causeway Bar where Aiuppa had stopped by to pick up his wife. Bawkin stated there was a light at a “power pole” near the restaurant, enabling him to recognize Aiuppa. After the car had driven away Bawkin went back in the restaurant building and called the Madeira Beach police. The police came and found, in Mr. Mueller’s office, a top file cabinet open and also desk drawers open, and a key on top of the file cabinet that was normally kept in the cash register, about fifteen feet away near the entrance to the building.
Arrested the following day, Aiuppa took St. Petersburg police officer Miller to his car which was found to have two bullet holes on the outside of the door, covered by masking tape. Bawkin identified Aiup-pa in a line-up at the police station and also in the Court room at the trial as the person he saw leaving the restaurant building and getting in the car and driving away. Aiuppa elected not to testify, and produced no other witnesses.
The evidence was ample to sustain the conviction. Aiuppa complains that his in-Court identification by Bawkin was erroneously admitted in that it was “tainted” by the previous identification in the police line-up, relying on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967). This contention is wholly untenable in the light of the record before this Court. In the first place, while the record shows that Aiuppa was identified at the police station there is no testimony that anything improper occurred during the identification. For all the record shows, his attorney could have been present agreeing to everything that took place.
In the second place, Bawkin’s in-Court identification was not dependent upon the previous police station identification, because he had known and seen Aiup-pa prior to the burglary. Bawkin plainly testified, without contradiction, that his identification of Aiuppa at the trial was based, not upon what he saw at the lineup, but “what I seen at the scene”.
His identification of Aiuppa at the trial was therefore devoid of any infirmity that might be otherwise envisioned by Wade.
The judgment appealed is—
Affirmed.
LILES, Acting C. J., and McNULTY, J., concur.